J. Douglas Miller Seward County Counselor 150 Plaza Drive, Suite 2 P.O. Box 2677 Liberal, Kansas 67901
Dear Mr. Miller:
As counselor for Seward county, you request our opinion regarding whether the board of county commissioners may modify the method for selection of members of a board of trustees for a fire district established pursuant to K.S.A. 19-3601 et seq. Specifically, you ask whether the members may be elected at the general election, rather than appointed by the board of county commissioners.
K.S.A. 19-3601 authorizes the establishment of one or more fire districts within a county, with the board of county commissioners constituting the governing body of the fire districts within the county.
 "Whenever a fire district has been established under the provisions of K.S.A. 19-3601 to 19-3606, both sections inclusive, and the county commissioners determine, by resolution, that it is to the best interests of the county to place the supervision of such fire district under a fire district board of trustees, the said commission may appoint a board of not less than three (3) members and not more than nine (9) members, composed of persons other than the board of county commissioners, who shall serve at the pleasure of the commission. The board so established may be vested with all of the powers theretofore vested in the county commissioners, or such supervisory powers as the commissioners may, by resolution, delegate, and the board so appointed may exercise all powers so delegated." K.S.A. 19-3612a
(emphasis added).
A valid election cannot be called and held except by authority of the law, whether that authority is conferred by a constitution or by some statute enacted pursuant thereto. 26 Am.Jur.2d Elections § 278 (1996). An election held without affirmative constitutional or statutory authority, or contrary to a material provision of the law, is a nullity, notwithstanding the fact that such election was fairly and honestly conducted. Id.
K.S.A. 25-101 provides in part:
 "On the Tuesday succeeding the first Monday in November of each even-numbered year, there shall be held a general election to elect officers as follows:
. . . .
 "at each alternate election there shall be elected, in each county, a county clerk, county treasurer, register of deeds, county or district attorney, sheriff and such other officers as provided by law;
 "at each alternate election, in counties that may by law be entitled to elect such officer, there shall be elected a county surveyor;
 "at each election, when the term of county commissioner in any district in any county shall expire during the next year, there shall be elected from such district a county commissioner."
Election of township officers is likewise to be conducted at the general election conducted in November of each even-numbered year. K.S.A. 25-1601. The general election conducted on the first Tuesday in April, see K.S.A. 25-2502, is conducted for the purpose of electing school and city officers. K.S.A. 25-2010; 25-2107. No constitutional or statutory authority exists for the election of fire district trustees at the general election conducted in either April or November. Absent such authority, no valid election of fire district trustees may be called and held at the general election conducted in either April or November.
A county possesses the authority to exercise the powers of home rule to determine its local affairs and government. K.S.A. 19-101. However, such authority is subject to the limitations, restrictions, and prohibitions set forth in K.S.A. 19-101a, as amended by L. 1996, ch. 68, § 2. "(7) Counties shall be subject to all acts of the legislature concerning elections, election commissioners and officers and their duties as such officers and the election of county officers." K.S.A. 19-101a.
A county may only hold binding elections in accordance with statutory authority set out by the legislature. Blevins v. Board of Douglas County Commissioners, 251 Kan. 374, 382 (1992). As noted above, there is no constitutional or statutory authority for election of fire district trustees. A county may not exercise its home rule powers to provide for the election of fire district trustees at the general election conducted either in April or November.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Richard D. Smith Assistant Attorney General
CJS:JLM:RDS:jm